UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY S. HOCHGESANG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  No. 1:14-cv-2044-DKL-RLY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**Entry and Order on** *Petition for Attorney Fees under the Equal Access to Justice Act*
**[Dkt. 26]**

Plaintiff Cindy S. Hochgesang petitions for an award of $10,638 in attorney's fees and $427.71 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant responded that Plaintiff has not shown that the hours expended were reasonable. Plaintiff filed a reply.

*Background*

Plaintiff brought this action in December 2014, seeking judicial review of the decision of the Social Security Administration denying her application for disability insurance benefits. Plaintiff sought leave to file an oversized brief, and the Court granted her permission. Plaintiff argued that the ALJ's decision was not supported by substantial evidence and that the ALJ failed to adequately consider her mental condition and restrictions, failed to consult a medical expert to determine whether new evidence supported a finding of disability, failed to consult a medical expert at step 3 of the

sequential evaluation, failed to account for her manipulative limitations, made a credibility determination that was patently wrong, erred in finding her not disabled, and erred in deciding that she had transferable skills, specifically regarding her computer skills. Plaintiff's brief was 45 pages long. Approximately 22 pages of the brief were devoted to the Statement of Facts section (pages 2-24); the Argument section was approximately 20 pages.

After Plaintiff filed her opening brief, the parties filed a joint motion to remand, requesting the Court to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and to enter judgment for Plaintiff. The joint motion states in part:

> The Commissioner has determined that further proceedings are needed to evaluate Plaintiff's claim for disability benefits. Upon judicial remand, unless the Appeals Council decides it can award benefits on the current record, it will remand the case to an administrative law judge for a new hearing and a new decision. The ALJ will be instructed to reevaluate Plaintiff's mental impairment …; develop the record and evaluate the nature and limiting effects of Plaintiff's impairments; reevaluate the medical opinion evidence …; reassess Plaintiff's credibility …; and, reevaluate Plaintiff's ability to perform work consistent with her vocational profile.

[Dkt. 23 at 1-2.] The Court granted the motion, ordering that the case "be remanded to the Agency pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings as set forth in the Joint Motion to Remand and that judgment be entered pursuant to Federal Rule of Civil Procedure 58." [Dkt. 24.]

Plaintiff's fee petition originally sought an award of attorney's fees of $9,774 and $427.71 in costs. The petition is supported by the following exhibits attached thereto: (1)

Itemization and Summary of Services Performed by The de la Torre Law Office LLC, Exhibit C; (2) Receipt for Proof of Filing and Costs for Service, Exhibit B; (3) Itemization and Summary of Adjusted Hourly Rates for EAJA Fees in Midwest Markets, Exhibit D; (4) Affidavit of Attorney Andrew P. Sheff, Exhibit E; (5) Assignment of Equal Access to Justice Act Fee Award to The de la Torre Law Office LLC, Exhibit F; and (6) Plaintiff's Affidavit, Exhibit A. The de la Torre Law Office LLC expended 54.3 hours working on Plaintiff's case from December 12, 2014 through September 29, 2015. Plaintiff requests that her counsel be compensated at the rate of $180 per hour. She also requests that the fee award be paid directly to her attorneys. Plaintiff's opening brief indicated that she would file a supplemental fee petition for any attorney time reasonably expended in replying to any response brief filed by Defendant. However, her 8-page reply brief indicated that she incurred 4.8 additional hours preparing the reply and asks that the original EAJA petition be modified to reflect this time and that Plaintiff be awarded a fee of $10,638 for 59.1 total hours.

*Discussion*

Under the EAJA, a court "shall award to a prevailing party … fees and other expenses" incurred in a judicial proceeding challenging an administrative denial of social security benefits "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party must meet five requirements to receive a fee award: (1) the party must be a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; (4) a timely application

3

was filed and supported by an itemized application; and (5) the party had a net worth of less than $2 million. 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(B); *Commissioner v. Jean,* 496 U.S. 154, 158 (1990). Hochgesang easily satisfies each of these requirements, and the Commissioner does not dispute that Hochgesang is eligible for a fee award.

The party seeking a fee award has the burden of showing that the fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude from the fee calculation "hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011, p.6 (1976)). Thus, "hours that are excessive, redundant, or otherwise unnecessary" are excluded. *Id.* at 434. "[T]he district court has discretion in determining the amount of a fee award." *Id.* at 437.

The award of fees should be based upon "prevailing market rates for the kind and quality of the services furnished" up to $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "Courts should generally award the inflation-adjusted rate according to the [Consumer Price Index], using the date on which the legal services were performed." *Sprinkle v. Colvin,* 777 F.3d 421, 428 (7th Cir. 2015) (footnote omitted). A party "must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* A single affidavit from the plaintiff's attorney setting forth the prevailing market rate can suffice to make this showing. *Id.* at 428–29.

Plaintiff seeks an hourly rate of $180. The requested rate is supported by the Affidavit of Attorney Andrew P. Sheff, stating that the hourly rate is reasonable in the Indianapolis area, and Defendant does not challenge the requested rate. The Court finds that the requested rate is in line with the prevailing rate in the area for similar services by lawyers of comparable skill and experience as Plaintiff's counsel.

The petition seeks an award of attorney's fees of $10,638 and $427.71 in costs. Defendant does not contest the amount of costs. However, she contends that Plaintiff has not shown that the fees were reasonable because the hours expended were excessive. Specifically, Defendant maintains that the case did not require approximately 12.8 hours for drafting a statement of facts, 12.2 hours for editing, and 9 more hours for editing by another lawyer. She also asserts that 1.9 hours were expended on clerical or administrative tasks, or both. Defendant argues that the administrative record was only 547 pages and Plaintiff did not argue complex or novel issues in her brief.

In addition to reviewing Plaintiff's 45-page opening brief, the Court has considered the summary of services performed, and finds that the hours expended were reasonable. Plaintiff has a number of impairments and medical records that needed to be addressed in the statement of facts, which was approximately 22 pages long. The opening brief was well-written and addressed important issues; this supports the conclusion that the time spent on editing was reasonable. And contrary to Defendant's argument, the brief did raise a relatively novel issue regarding the transferability of computer skills. Although Defendant argues that time was spent on clerical or administrative tasks, she does not bother to point out which entries allegedly fall into

such a category. A cursory review of the services performed shows that attorney time was not spent on activities that are considered clerical or administrative.

Furthermore, in social security cases involving similar issues and similarly sized administrative records, district courts in the Seventh Circuit have approved attorney time "well in excess [of] what Plaintiff requests here". *Townsend v. Colvin*, No. 2:12-CV-516-PRC, 2014 WL 6617641, at *2 (N.D. Ind. Nov. 18, 2014) (awarding fees for 53.7 attorney hours where the administrative record was 653 pages); *see also Kinsey–McHenry v. Colvin,* 2:12–CV–332–PRC, 2014 WL 1643455 (N.D. Ind. Apr. 23, 2014) (awarding fees for 62.9 hours based on a 553–page administrative record). As the court explained in *Townsend*:

> [A] 653–page administrative record is by no means short and the difficulty with social security appeals lies not with the legal standards, which are straightforward and oft-litigated, but in the application of the law to the facts. In many cases, the important facts are hidden away in medical records that were scrawled on a chart by a doctor and then photocopied. Tedious work like this can take a long time. It is also indispensable since, *in order to prevail, the Plaintiff must bring the evidence to the Court's attention*.

2014 WL 6617641, at *2 (emphasis added). This is one reason why Defendant's argument that counsel should not raise every conceivable issue but instead should "winnow out weaker arguments on appeal and focus on the issues more likely to prevail" [*Commissioner's Response in Opposition to Plaintiff's Petition* at 3 (quoting *Smith v. Murray*, 477 U.S. 526, 536 (1986)], is not persuasive. Plaintiff has the burden of identifying evidence in the record to support her claim of errors in the ALJ's decision that require an award of benefits or remand for further proceedings.

The other reason is this: Defendant agreed to remand for further evaluation of Plaintiff's claim, and agreed that if the Appeals Council did not award benefits on the current record, the ALJ would be instructed to reevaluate Plaintiff's mental impairment, develop the record and evaluate the effects of Plaintiff's impairments, reevaluate medical opinion evidence, reassess Plaintiff's credibility, and reevaluate her ability to work consistent with her vocational profile—all of these reasons for remand were argued in Plaintiff's brief in support of her request for review and remand.[1] Plaintiff's arguments persuaded the Commissioner that further proceedings were necessary, and for the very reasons Plaintiff urged. Plaintiff did not raise every conceivable argument. And Defendant has failed to identify any weak argument that she thinks should not have been made.

The Commissioner argues that this Court has held that a fee based on 40 hours of work marks "the upper end" of reasonable, citing *Puckett v. Colvin*, No. 13-cv-1451, slip op. at 3 (S.D. Ind. Oct. 8, 2015). The reliance on *Puckett* is misplaced. In that case, Magistrate Judge Debra McVicker Lynch concluded that "the effort reflected in the briefs filed by [plaintiff's counsel] … d[id] not justify the amount of fees he seeks." *Id.* The Court noted that "only about four pages [of the opening brief] made up the argument section." *Id.* at 2. *Puckett* did not purport to set an "upper end" of reasonableness for all

---

[1] The Court is quite puzzled by Defendant's assertion that "the Joint Remand Order remanded the case for re-evaluation of only two issues: Plaintiff's mental impairments and credibility." [*Commissioner's Response in Opposition to Plaintiff's Petition* at 3 (citing Doc. 23 at 1-2).] That is incorrect. The Remand Order provides that "this case [is] remanded to the Agency … for further proceedings as set forth in the Joint Motion to Remand[.]" [Dkt. 24.] The Joint Motion to Remand identifies *five* issues that the ALJ is to reevaluate if the Appeals Council does not decide to award benefits on the current record.

7

social security cases. Plaintiff here made several more arguments than the plaintiff in *Puckett*. Importantly, the Court's review of Plaintiff's brief in this case leads to the conclusion that counsel expended a reasonable amount of time on briefing this case.

Plaintiff asks the Court to make any EAJA fee award directly payable to her attorneys. She has assigned any attorney fees and costs awarded to her attorneys. [*See Assignment of Equal Access to Justice Act Fee Award to The de la Torre Law Office LLC*, Dkt. 26-6.] In *Astrue v. Ratliff,* 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." The Seventh Circuit has interpreted *Ratliff* to hold that "if there is an assignment [of a fee award claim to the lawyer], the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews–Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011). However, the Anti-Assignment Act provides that an assignment of any payment owed by the federal government may be made "only after a claim is allowed [and] the amount of the claim is decided." 31 U.S.C. § 3727(b). Plaintiff's assignment pre-dates any determination of whether a fee claim would be allowed as well as a determination of the amount of the claim. The government may waive compliance with the Anti-Assignment Act, *Kawa v. United States*, 86 Fed. Cl. 575, 591 (2009), but there is no indication that it has done so here. Therefore, the request to make the fee award directly payable to Plaintiff's attorneys will be denied.

*Conclusion*

The Court **GRANTS** Plaintiff's *Petition for Attorney Fees under the Equal Access to Justice Act* [Dkt. 26] and **AWARDS** Plaintiff **$11,065.71** consisting of $10,638 in attorney fees and $427.71 in costs.

**SO ORDERED this date:** 11/16/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record